KSC

TOM PETRUS & MILLER LLLC

RICHARD B. MILLER          3729-0
Tel (808) 792-5855
rmiller@tpm-hawaii.com
PATRICIA KEHAU WALL        3498-0
Tel (808) 792-5823
kwall@tpm-hawaii.com
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii  96813
Facsimile:  (808) 792-5809

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2007

at  1 0 o'clock and 20 min. A M
SUE BEITIA, CLERK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 08 2007

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> RAYMOND NISHIBATA, JR. <br><br> Defendant. | CIVIL NO. CV06-00352 DAE/KSC <br> (Declaratory Judgment) <br><br> ~~PROPOSED~~ FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RAYMOND NISHIBATA, JR.; EXHIBIT "A"; CERTIFICATE OF SERVICE <br><br> Hearing: <br> Date:  January 5, 2007 <br> Time:  9:30 a.m. <br> Judge: Hon. Kevin S.C. Chang <br><br> Trial date: None |

35.320

**PROPOSED FINDINGS AND RECOMMENDATION GRANTING
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT RAYMOND NISHIBATA, JR.**

Plaintiff ALLSTATE INSURANCE COMPANY submits the proposed

findings of fact and recommendation in the form of Exhibit A hereto.

DATED:    Honolulu, Hawaii, _____JAN 0 8 2007_____.

RICHARD B. MILLER
PATRICIA KEHAU WALL
Attorneys for Plaintiff ALLSTATE
INSURANCE COMPANY

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND NISHIBATA, JR.<br><br>Defendant. | CIVIL NO. CV06-00352 DAE/KSC<br>(Declaratory Judgment)<br><br>**[PROPOSED]** FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RAYMOND NISHIBATA, JR. |

35.320

**[PROPOSED] FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RAYMOND NISHIBATA, JR.**

Currently pending before this Court is Plaintiff Allstate Insurance Company ("Plaintiff")'s Motion for Default Judgment Against Raymond Nishibata, Jr. ("Motion") filed on November 21, 2006. United States District Judge David A. Ezra referred the motion to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72.4 of the Local Rules of Practice for the United States District Court for the District of Hawai`i (the "Local Rules").

Said motion came on for hearing on January 5, 2007. Upon careful consideration of the motion, the supporting memoranda, and the arguments of counsel, this Court hereby finds and recommends that the motion be GRANTED.

## BACKGROUND

1.     In this action, Plaintiff seeks a binding declaration that, *inter alia*, it has no duty to defend or indemnify Defendant under an insurance policy issued to his parents in connection with a civil suit filed against him alleging child sexual assault.

2.     In the instant motion, Plaintiff seeks default judgment against Defendant pursuant to FRCP 55(b) on the ground that he has not answered or otherwise pled in response to Plaintiff's Complaint, filed herein on June 29, 2006, and that the undisputed facts establish, as a matter of law, that there is no coverage under the subject insurance policy.

### The Policies

3.     At all relevant times, Defendant Nishibata's parents were insured under an Allstate Deluxe Homeowners' Policy, No. 0-64-538183 applicable to the resident premises located at 98-416 Ponohana Place, Aiea, Hawaii ('the Policy").

4.     The Policy provides various coverages, including "Coverage X – Family Liability Protection" under "Section II- Family Liability and Guest Medical Protection" with stated liability limits in the amount of $300,000.00 per occurrence. At that time of the alleged assault which is the subject of the Underlying Lawsuit, Defendant Nishibata rented a single family house in the back of the premises where his parents lived.

5.      The Allstate Deluxe Homeowners' Policy includes the following

definitions:

**3.**      **"Insured person(s)"** – means **you** and, if a resident of
your household:

a)      any relative . . . .

**4.**      **"Bodily injury"** – means physical harm to the body,
including sickness or disease, and resulting death
therefrom . . . .

**9.**      **"Occurrence"** – means an accident, including
continuous or repeated exposure to substantially the same
general harmful conditions during the policy period,
resulting in **bodily injury** or **property damage.**

**9.**      **"Property damage"** – means physical injury to or
destruction of tangible property, including loss of its use
resulting from such physical injury or destruction.

6.      The Policy provides the following coverage:

**Section II – Family Liability and Guest Medical
Protection**

**Coverage X – Family Medical Protection**

**Losses We Cover Under Coverage X**

Subject to the terms, conditions and limitations of this
policy, **Allstate** will pay damages which an **insured
person** becomes legally obligated to pay because of
**bodily injury** or **property damage** arising from an
**occurrence** to which this policy applies and covered by
this part of the policy . . . .

3

7.      The Policy also contains the following exclusions:

**Losses We Do Not Cover Under Coverage X**

**1.      We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any **insured person**. . . .

<u>The Underlying Lawsuit</u>

8.      On or about November 20 and 22, 2002, Tiffany Navarro ("Tiffany"), the minor child of Michele H. Navarro ("Navarro"), was allegedly sexually assaulted by Defendant Nishibata.

9.      On November 2, 2004, Navarro, individually and as next friend of Tiffany, filed a Complaint in the First Circuit Court encaptioned <u>Michele H. Navarro, as Next Friend for TIFFANY NAVARRO , a minor, vs. RAYMOND NISHIBATA, JR., et al.</u>, Civil No. 04-1-2161-11 KSSA (alternatively "the underlying Complaint" or "underlying lawsuit").

10.     The underlying Complaint alleges that Defendant Nishibata assaulted and battered Tiffany on or about November 20 and 22, 2002; and that Defendant Nishibata's conduct was wilful and wanton or malicious, grossly negligent and outrageous so as to warrant the imposition of punitive damages.

4

11.    On September 2, 2003, Nishibata was adjudged guilty of one count of kidnapping, two counts of sexual assault in the second degree and three counts of sexual assault in the third degree.   He was sentenced to a total of 45 years in prison.

## Procedural History

12.    Plaintiff filed the Complaint for Declaratory Judgment herein on June 29, 2006.  The Complaint for Declaratory Judgment was served on Defendant Raymond Nishibata, Jr. by certified mail, return receipt requested, on July 12, 2006, to Tallahatchie County Correctional Facility, 295 U.S. Highway, 46 South, Tutwiler, MS  38963.

13.    Defendant did not answer or otherwise move to defend against the Complaint, and Plaintiff filed a Request for Entry of Default with the Clerk on August 3, 2006, and default was entered on August 3, 2006.

## DISCUSSION

14.    FRCP 55 provides, in pertinent part, as follows:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
(b) Judgment. Judgment by default may be entered as follows:
(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by

5

computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

**(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

15.    Defendant has not answered Plaintiff's Complaint herein and, in fact, has made no appearance whatsoever in this action.  Moreover, he has not moved to set aside the default entered against him by the Clerk of the Court.

<u>Coverage Issues</u>

**Nishibata Does Not Qualify As An Insured Under His Parent's Policy Because He Does Not Reside In Their Household.**

16.    At the time of the instant assaults, Defendant Nishibata rented a single family house in the back of the premises where his parents lived.  Since Nishibata

maintained a separate household from his parents, he does not fall within the definition of an insured under the Allstate Policy and therefore can not qualify for any coverage under the policy insuring agreement.

17.    In Mun Quon Kok v. Pacific Ins. Co., 51 Haw. 470, 462 P.2d 909 (1969), the Hawaii Supreme Court held that a father who rented his own room in a rooming house was not a member of his son's household for coverage purposes. Nishibata also maintained a household separate from his parents, and thus does not meet the policy's definition of resident relative.

### There was No Occurrence Within the Meaning of the Policy.

18.    Even assuming, *arguendo,* that Nishibata qualified as an "insured" under the policy, he could not trigger coverage under the insuring agreement since the underlying Complaint does not allege any damage arising from an "occurrence". That is, allegations of intentional wrongdoing on the part of the insured do not meet the definition of "occurrence" as used in the policy. In that regard, the policy defines "occurrence" as "accident."

19.    In Hawaiian Holiday Macadamia Nut Co. v. Industrial Indemnity Co., 76 Hawai'i 166, 872 P.2d 230 (1994), the Supreme Court found that an injury could not be considered "accidental" if it was the "expected or reasonably foreseeable result of the insured's own intentional acts or omissions." 76 Hawai'i at 170, 872 P.2d at 234. Under Hawaiian Holiday, underlying claims of intentional

7

wrongdoing by the insured would not meet the occurrence/accident definition of the policy.

20.    The Hawaii Supreme Court has adopted a fairly expansive definition of intentional conduct, and does not require proof that the insured subjectively intended to cause the resulting harm. In <u>Hawaiian Ins. & Guaranty Co., Ltd. v. Blanco</u>, 72 Haw. 9, 804 P.2d 876 (1990), <u>overruled on other grounds</u>, <u>Dairy Road Partners v. Island Ins. Co., Ltd.</u>, 92 Hawai'i 398, 992 P.2d 93 (2000), the Court upheld the denial of coverage to an insured who fired a shotgun in the direction of his neighbor, in spite of the insured's claim that he merely intend to frighten and not to harm the victim.  The Court reasoned:

> Given the best possible interpretation, Garcia fired the rifle in Saturnino's direction intending to frighten him. That physical injury might result from such an action is certainly something which a reasonable man in Garcia's position should have anticipated and expected.

> We noted in *Brooks, supra,* that the reasonable expectation of policyholders regarding terms of insurance policies will be honored.  Garcia could not reasonably expect to be covered or defended with respect to injuries to Saturnino which arose from his intentionally firing a rifle in Saturnino's direction to frighten him even though the particular injury was unexpected.  That being so, with respect to Saturnino Blanco's bodily injury, there was no accident and therefore no occurrence and, hence, no duty to defend.

72 Haw. at 18-19, 804 P.2d at 881.  While <u>Blanco</u> was subsequently overruled on other grounds in <u>Dairy Road</u>, the overruling court made clear that the decision in

all other respects remained good authority.  92 Hawai'i at 422 n.13, 992 P.2d at 117 n.13.

21.    Virtually every court which has considered the question has held that an adult's sexual assault of a child does not constitute an occurrence or accident for coverage purposes, because the intent to harm is inferred from the act itself.  As the South Carolina Appellate Court recently held in Manufacturers and Merchants Mutual Insurance Co. v. Harvey, 498 S.E. 2d 222 (S.C. App. 1998):

> the sexual abuse of a child is so inherently injurious to the victim that the perpetrator's intent to harm the child will be inferred as a matter of law.  In so holding, we follow the 41 other jurisdictions which recognize an inferred intent to harm when adults sexually assault children.

498 S.E.2d at 226.  The Court cites cases from Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Washington, West Virginia and Wisconsin which adopt the "inferred intent" rule in cases of child sexual assault.  Id. n. 1.

22.    Likewise, the Ninth Circuit has held there is no duty to defend a suit arising from the sexual molestation of a minor because an intent to injure is

9

inferred as a matter of law.  <u>Morton by Morton v. Safeco Insurance Co.</u>, 905 F.2d 1208 (9th Cir. 1990).

23.     One of the leading cases holding that an insured's sexual assault of a child does not constitute an "occurrence" under a liability policy was written by Justice David Souter when he sat on the New Hampshire Supreme Court.  In <u>Vermont Mutual Ins. Co. v. Malcolm</u>, 517 A.2d 800 (N.H. 1986) Justice Souter wrote for a unanimous court:

> it is clear that the causes of the boy's injuries, as claimed
> in the civil action underlying the present petition, were
> not accidental.  The boy and his mother alleged that the
> insured committed sexual assaults upon an intended
> victim.  The assaults were inherently injurious in the
> most obvious sense that they could not be performed
> upon a boy without appalling effects on his mind as well
> as forbidden contacts with his body. . . .  Because the
> causation of psychological injury was thus inherent in the
> acts alleged, the acts can not be treated as accidental
> causes, and the defendant's claim that he did not actually
> intend to inflict the particular psychological injury
> claimed is irrelevant.

517 A.2d 802-03.  <u>Accord</u>,  <u>Gearing v. Nationwide Insurance Company</u>, 665 N.E.2d 1115 (Ohio 1996) (adult's sexual assault of child does not constitute an occurrence in within the meaning of the policy because intent to harm inferred).

24.     The Hawaii Court has not had occasion to rule on the question of inferred intent in cases of child sexual assault, but has cited the above rule with approval.  In <u>Bayudan v. Tradewind Ins. Co.</u>, 87 Hawai'i 379, 957 P.2d 1061

(Haw. App. 1998), the Court was not required to reach the question of whether intent should be inferred in a case involving a sexual assault of an adult female, since the insured conceded that the claims for sexual assault and kidnapping did not constitute an occurrence within the meaning of the policy. 87 Hawai'i at 385 n. 4, 957 P.2d at 1067 n.4. However, the <u>Bayudan</u> Court did cite with approval a case finding inferred intent in a case of child sexual assault. 87 Hawai'i at 387 n. 7, 957 P.2d at 1069 n. 7 (quoting <u>Colorado Farm Bureau Mutual Insurance Co. v. Snowbarger,</u> 934 P.2d 909 (Colo. App. 1997)).

25.    In view of the <u>Bayudan</u> Court's positive citation to the inferred intent finding in <u>Snowbarger,</u> it is reasonable to conclude that Hawaii would join the overwhelming majority of jurisdictions to find inferred intent in cases involving child sexual assault. Inferred intent in cases of child sexual assault is a natural application of the broad definition of intent adopted by the Hawaii Supreme Court in <u>Hawaiian Holidays</u> and <u>Blanco</u>. That is, intent is to be found under the <u>Blanco</u> test where a reasonable person would anticipate and expect harm to result from the insured's intentional act. 72 Haw. at 18-19, 804 P.2d at 881. Certainly, a reasonable person would anticipate and expect harm from the sexual assault of a child.

26.    Judge Mollway granted summary judgment for State Farm in a case involving child sexual assault, finding that Hawaii would join the vast majority of

11

courts which find that the sexual assault of a minor is intentional harm as a matter of law.  State Farm Mutual Insurance Company v. Robert William Reed, et al., Civ. No. 03-00223 (Sept. 26, 2003).  Judge Mollway opined that

> The Hawaii Supreme Court would likely follow the clear majority of courts holding that sexual assault of a minor by an adult insured is not an accident under a homeowners policy.  The Hawaii Intermediate Court has so signaled in dicta. Bayudan v. Tradewind Ins. Co., 87 Hawai'i 379, 387, 957 P.2d 1061, 1069 (Haw. App. 1998) (implicitly approving of the statement in Colorado Farm Bureau Mutual Insurance Co. v. Snowbarger, 934 P.2d 909 (Colo. App. 1997), that "intent to harm is inferred as a matter of law when the defendant has engaged in sexual misconduct with a child").

Slip op. at 11.

27.    Judge David Ezra has also held that an insured is not entitled to coverage for a child sexual assault.  In Allstate Insurance Company v. Elden Okimura, et al., Civ. No. 05-00466 DAE BMK (October 16, 2006), the court explained:

> This Court determines that there is an inferred intent to harm when adults sexually assault children.  The intent to harm may be inferred from sexual contact with a minor as a matter of law, irrespective of the expressed intent of the insured.  See Morton by Morton v. Safeco Ins. Co., 905 F,2d 1208, 1211 (9th Cir. 1990) (holding that, under California law, a sexual molestation of a child is not an "accident" for which insurance coverage is available under an insurance policy); accord Mfs. & Merchants Mutual Ins. Co. v. Harvey, 498 S.E.2d 222, 226 (S.C. App. 1998) ("we hold that the sexual abuse of a child is so inherently injurious to the victim that the perpetrator's

intent to harm the child will be inferred as a matter of
law. In so holding, we follow the 41 other jurisdictions
which recognize inferred intent to harm when adults
sexually assault children." (listing cases)).

Slip op. at 9-10.

28.   Applying the foregoing rule to the facts of this case, the sexual assault

of minor Tiffany by Nishibata was inherently harmful to the young girl, and a

reasonable person would anticipate and expect that injury to the child would result.

Under the circumstances, Nishibata could have no reasonable expectation of

coverage and the sexual contact alleged in the underlying complaint cannot be

considered an occurrence/accident.

### The Alleged Wrongful Acts Also Fall Within the Exclusions for Intentional and Willful and Malicious Injury.

29.   For the reasons set forth in the prior section, an intent to harm is

inferred in cases involving child sexual assault. Under the "implied intent" rule,

claims of child sexual assault fall within the intentional act exclusion of the policy.

State Farm Fire & Cas. Co. v. Smith, 907 F.2d 900 (9th Cir. 1990); Morton by

Morton v. Safeco Insurance Co., 905 F.2d 1208 (9th Cir. 1990); Pettit v. Erie

Insurance Exchange, 709 A.2d 1287, 1289 (Md. 1998). The Allstate Policy

excludes coverage for intentional injuries and for willful and malicious acts. Based

upon the "implied intent" rule, these exclusions apply in the present case and

preclude coverage.

13

## CONCLUSION

On the basis of the foregoing, this Court FINDS and RECOMMENDS that

Plaintiff's Motion for Default Judgment be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

Dated at Honolulu, Hawai`i, _____ JAN 2 4 2007 _____.


_____
KEVIN S.C. CHANG

14